## BUSBY *v.* LADD.

*(Circuit Court, N. D. California. July 22, 1889.)*

PATENTS FOR INVENTIONS—INVENTION.
Where a welt of a double piece of leather, inserted in a seam in such manner that the edges come on the inside so as to require no trimming on the outside, the welt presenting a rounded appearance, has been for years used in gentlemen's and ladies' saddles, in leather cushions, horse collars, leather bags, satchels, hand bags, ladies' reticules of various kinds, and in the uppers of boots and shoes, it requires no invention to transfer the same kind of welt to gloves. This is but a double use for analogous and similar purposes, and is not patentable.

*(Syllabus by the Court.)*

In Equity.

Suit upon a patent in which the following is the claim: "The improvement in the manufacture of gloves, consisting of inserting a welt of a double piece of the same material and color of the body, the edges of which come on the inside, whereby a uniform color of welt and glove is maintained, and the necessity of trimming avoided, substantially as and for the purposes herein described."

*Langhorne & Miller*, for plaintiff.

*A. P. Van Duzer* and *John L. Boone*, for defendant.

Before SAWYER, Circuit Judge.

SAWYER, J., *(orally.)* After a careful examination of this case, in view of the state of the art disclosed, and the decisions of the supreme court, I am unable to see that the claim covers a patentable object. The double-welted seam has been used for a long time in various articles of general use, as in gentlemen's saddles, ladies' saddles, leather cushions, horse collars, leather bags, satchels, hand bags, and ladies' reticules of various kinds. The file wrapper in the case, in evidence, itself, shows that there was a prior patent for the same thing in the uppers of boots and shoes. It requires no invention to transfer that seam from one of these articles to a glove. They are analogous and similar uses of the same thing, and the patent-office declined to grant a patent, at first, until the patentee inserted in the claim a welted double seam of the "same material and same color." It seems to me to be, only a double use of the seam. It is claimed that this is a patent for a process. Certainly the mere using the same material constitutes no element of a process, and it requires no invention; nor is color a part of a process. The selection of a particular color is merely the exercise of taste. The tendency of the decisions of the supreme court for some years has been to limit the field of patentable objects, and the tendency still continues. Under the view I take of the case the bill must be dismissed, and it is so ordered. I will add, that, under the view taken, I do not find it necessary to determine whether the double-welted seam had been before used in gloves. I am, however, disposed to think that a prior use in gloves has not been satis-

factorily shown. There is, as is usual in these cases, some vague and shadowy testimony of such use at Gloverville, and other places in New York some 25 or 30 years ago, which for some reason was discontinued; but there is, also, much testimony by parties engaged in the business at those places at the time to the contrary. The evidence of such prior use in gloves is not very satisfactory, but it is unnecessary to pass absolutely upon that point.